IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE DALE OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 3:13cv223-MHT |
| | ) | (WO) |
| CIRCUIT COURT OF RUSSELL | ) | |
| COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**INTRODUCTION**

In his complaint as amended, the *pro se* plaintiff, Bruce Dale Oliver ("Oliver"), alleges that a state court judge, two attorneys, Wells Fargo Bank and its CEO, and an auctioneer acted without authority or jurisdiction in a state court action filed in the Circuit Court of Russell County, Alabama, to deprive him of his property.[1] The plaintiff names as defendants the Circuit Court of Russell County, Alabama; Circuit Judge Albert Johnson[2]; Wells Fargo Bank; John Stumpf, the CEO of Wells Fargo Bank; and Attorneys Jenny Rutledge and Greggory Deitsch.[3]

---

[1] The underlying state court action involves a parcel of real property located at 1801 Knowles Road, Phenix City, Alabama. The action involves the foreclosure, eviction and ejectment of Oliver from the property.

[2] In his complaint, Oliver erroneously named Judge Alfred Johnson as a defendant. In his amended complaint, Oliver correctly named Judge Albert Johnson as a defendant.

[3] The plaintiff also names as a defendant auctioneer Aaron Warner. However, Warner has not been served and his summons was returned unexecuted. Consequently, Warner is not a defendant in this action.

Now pending before the court are the following motions: (1) the motion to dismiss filed by Defendants Circuit Court of Russell County, and Circuit Judge Albert Johnson (doc. # 11); the motion to dismiss filed by Defendants Attorneys Greggory M. Deitsch and Ginny Rutledge[4] (doc. # 21); and the motion to dismiss filed by Defendant Wells Fargo Bank and its CEO, John Stumpf (doc. # 26). Oliver was given the opportunity to and filed a response to the motions to dismiss. (Doc. # 27). After careful consideration of the motions, and for good cause, the court concludes that the motions to dismiss should be granted and this case dismissed.

## STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States. *Kokkonen*, 511 U.S. at 377.

This court operates under an independent obligation to examine its own jurisdiction at each stage of the proceedings, even if no party raises the jurisdictional issues and the parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). *See*

---

[4] Although Oliver spelled Rutledge's first name as Jenny, in her motion to dismiss, it is clear that Ginny is the correct spelling of her first name. *See* Doc. # 21.

Charles Alan Wright, Arthur R. Miller, *et al*., 13 FEDERAL PRACTICE & PROCEDURE § 3522 (3d ed.) ("Even if the parties remain silent, a federal court, whether trial or appellate, is obliged to notice on its own motion its lack of subject matter jurisdiction."). Further, FED.R.CIV.P. 12(h)(3) requires that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

  B.  **Motions to Dismiss**

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the

plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010). A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint,

4

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* FED.R.CIV.P. 8(e) ("All pleadings must be construed so as to do justice").

## PROCEDURAL HISTORY

Construing Oliver's complaint as amended liberally in light of his *pro se* status,[5] and gleaning facts from the pleadings and the underlying state court action,[6] it appears that Judge Johnson is presiding over a pending ejectment action in the Circuit Court of Russell County in which Federal National Mortgage Association is seeking to evict Oliver from foreclosed upon property.

In October 2009, Oliver executed a promissory note in favor of Wells Fargo Bank, NA, to secure a mortgage on real property located at 1801 Knowles Road, Phenix City, Alabama.[7] (Doc. # 26 at 2, ¶ 1). Oliver failed to make the requisite payments and the property was sold at foreclosure on July 8, 2011. (*Id.* at 2). Federal National Mortgage Association ("Fannie Mae") purchased the property at the foreclosure sale. (*Id.*; Doc. # 21 at p. 2, ¶ 1). Defendant Rutledge was the attorney who conducted the foreclosure sale on behalf of Wells Fargo Bank, NA.

---

[5] The plaintiff's pleadings are not a model of clarity.

[6] The court takes judicial notice of the documents filed in *Federal National Mortgage Ass'n v. Oliver, et al*, Circuit Court of Russell County Case No. CV-2011-900121.00. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x. 52, 53 (11th Cir. 2006) (a court may take judicial notice of public records) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78, 1280 (11th Cir. 1999)).

[7] Defendant Wells Fargo Bank serviced the loan that resulted in the foreclosure sale.

On July 20, 2011, Fannie Mae filed on ejectment action against Oliver in the Circuit Court of Russell County, Alabama. (Doc. # 26 at 2, ¶ 3). Defendant Deitsch is the attorney representing Fannie Mae in the state court action. (Doc. # 21 at 2, ¶ 4). It appears that defendant Judge Johnson is presiding over the pending action in state court which has not concluded.

On April 9, 2013, Oliver filed a complaint in this court. On April 10, 2013, he filed an amended complaint. Oliver alleges that, in the pending state court action, the Defendants have engaged in acts of larceny, theft of property and other acts of malfeasance which have deprived him of his property. *See* Doc. # 1, 2 & 27. Although his request for relief is not clear, it appears Oliver seeks the dismissal of the action against his property and damages.[8]

## DISCUSSION

All litigants, including those proceeding *pro se*, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe Oliver's pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Inv.*, 132 F.3d at 1369 (citations omitted). Although a complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, it must contain "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570.

In order for the plaintiff to satisfy his "obligation to provide the grounds of his

---

[8] Because the ejectment action is still pending in the Circuit Court of Russell County, Oliver has retained possession of the property. *See* Docs. # 21 at 2, ¶ 5 and # 26 at 3, ¶ 4.

>entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.' " *Roe v. Aware Woman Ctr. for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir.2001) (quoting *In re Plywood Antitrust Litig.,* 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).

*Financial Sec. Assur., Inc. v. Stephens, Inc*., 500 F.3d 1276, 1282-83 (11th Cir. 2007).

The plaintiff's complaint as amended fails to properly identity the defendants, fails to set forth his claims in a cogent fashion, and does not describe facts in support of his claims against each defendant. Oliver's complaint consists of vague allegations against the Circuit Court of Russell County and those defendants who have allegedly deprived him of his property improperly. Although he makes numerous demands, he provides no facts in support of his claims. Thus, the complaint is patently bereft of any semblance of coherency and the exact nature of his complaints is difficult to characterize in legal terms. Therefore, the court finds the best approach is to consolidate consideration of those defendants that are not legal entities or are entitled to immunity, and then collectively address the claims against the remaining defendants.

### A.     Claims against the Circuit Court of Russell County

Oliver names as a defendant the Circuit Court of Russell County. Pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a pro se complaint if it fails to state a claim on which relief may be granted. It is wholly unclear under state law whether the Circuit Court of Russell County is an entity capable of being sued. Nonetheless, even if the Circuit Court is amendable to suit, it is immune under the Eleventh Amendment. *Kaimowitz v. The Florida Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against state courts and state bars."); *Stegeman v. Georgia*, 290 Fed. Appx. 320, 322-23 (11th Cir. 2008). (State courts are entitled to Eleventh Amendment immunity). Consequently, the Circuit Court of Russell County is immune from suit, and is due to be dismissed.

### B. Claims against Circuit Court Judge Albert Johnson

Oliver sues Circuit Court Judge Albert Johnson. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judge Johnson are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[9] *Neitzke v. Williams*, 490 U.S.

---

[9] A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A lawsuit is frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990). Notwithstanding the fact that Oliver paid the filing fee in this case, section 1915(e)(2)(B)(i) and (iii) permits the court to dismiss the case when the court determines that the action is "frivolous or malicious" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

8

319, 327 (1989).

### C. Remaining Claims against Remaining Defendants.

Oliver's claims against the remaining defendants are due to be dismissed for lack of subject matter jurisdiction. It is clear that the four remaining defendants are private individuals who were or are involved in the underlying state court proceedings against Oliver. Oliver has sued these defendants under 42 U.S.C. § 1983. No substantive rights are created by Section 1983; it merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Cmty Hosp., Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that he suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States and that the act or omission causing the deprivation was committed by a person acting under color of state law. *Id.* "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) *whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981) (emphasis added).

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). To state a viable claim for relief under § 1983, a

plaintiff must assert a "deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Id.* at 49-50. *See also Lowe v. Aldridge,* 958 F.2d 1565, 1572 (11th Cir. 1992); *Nat'l Broad. Co. v. Commc'n Workers of Am., AFL-CIO,* 860 F.2d 1022, 1026 (11th Cir. 1988); *Morast v. Lance*, 807 F.2d 926, 931 (11th Cir. 1987).

Defendants Deitsch and Rutledge are attorneys who represented parties against Oliver in the state court foreclosure and ejectment proceedings. Defendant Wells Fargo Bank serviced the loan that was the subject of the underlying foreclosure action, and defendant Stumpf is the Chief Executive Officer of Wells Fargo Bank. Clearly, these defendants are private citizens. Thus, their actions, standing alone, do not constitute actions committed by a person acting under color of state law for the purpose of imposing § 1983 liability against them. *Lowe,* 958 F.2d at 1572. Oliver's claims against these defendants are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327. Consequently, these claims are also due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's claims are also barred under the abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 59 (1971), which establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. *Id.* at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state

interests, afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982);  The *Younger* abstention doctrine applies to civil proceedings when the "federal injunction would create an "undue interference with state proceedings."" *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004).

> Even as the principles of *Younger* have expanded, however, the Supreme Court has made clear that the abstention doctrine is not triggered in a civil context unless the federal injunction requested would create an "*undue* interference with state proceedings," *NOPSI*, 491 U.S. at 359, 109 S.Ct. 2506 (emphasis added). . . .  In addition, the Supreme Court has instructed thta *Younger* only applies where the state proceeding at issue involves "orders that are uniquely in furtherance of the state courts' ability to perform their *judicial* functions . . . it has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing legislative or executive action." *NOPSI*, 491 U.S. at 368, 109 S.Ct. 2506 (emphasis added); *Wexler v. Lepore*, 385 F.3d 1336, 1338-39 (11th Cir. 204) (holding that a pending civil action does not require the federal court to abstain "unless the requested federal relief would result in meticulous and burdensome federal oversight of state court or court-like functions.")

*Green v. Jefferson Cnty Comm'n*, 563 F.3d 1243, 1251 (11th Cir. 2009).  *See also Fabre v. Bank of Am., NA*., — Fed. Appx. —, —, 2013 WL 3722118, *1 (11th Cir. July 13, 2013) (No. 12-15053) ("Federal court abstention from taking over state court litigation is warranted when action by the federal court would constitute undue interference with the state's legitimate activities.").

In this action, Oliver seeks to have the court interfere with the pending state court ejectment action by issuing injunctive and declaratory relief.  This would require the court

to tell the Circuit Court of Russell County and Judge Johnson how to handle the state proceeding. Consequently, any injunctive relief from this court would necessarily cause "undue interference" with the judicial functions of the state court. *See Shapiro v. Ingram*, 207 Fed. Appx. 938, 939-940 (11th Cir. 2006); *Adams v. State of Fla.*, 185 Fed. Appx. 816, 817 (11th Cir. 2006). "Because of this direct interference with the judicial functions of a state court, comity [] warrant[s] the district court's abstention as to any pending matters." *Shapiro,* 207 F.3d at 939-940 *citing Wexler*, 385 F.3d at 1339, 1341.

## CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motions to dismiss (docs. # 11, 21 & 26) be GRANTED and that this case DISMISSED.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 11, 2013.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*.  See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of August, 2013.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE